```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANITA GAUSE,

                        Plaintiff,

            -against-

MARIE CLAUDE, MARIANNE ANDERSON,
STEPHAN KALBA,

                        Defendants.
----------------------------------------------------------X
```

For Online Publication Only

**ORDER**
20-CV-4148(JMA)(SIL)

FILED
CLERK
1/4/2021 10:20 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Incarcerated *pro se* plaintiff Anita Gause ("plaintiff") has filed an *in forma pauperis* complaint against Marie Claude ("Claude"), Marianne Anderson ("Anderson"), and Stephan Kalba ("Kalba" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the applications to proceed *in forma pauperis* are granted, but the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). Plaintiff is granted leave to file an amended complaint.

**I.   THE COMPLAINT**

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and is brief. In its entirety, plaintiff's fact section alleges:[1]

> My mother-in-law died 29 yrs ago.   She is solely on deed.   We have been fighting thieves all this time.   Winning over and over again because the deed cannot change for a dead person unless a judge only is involved.   Marie Claude claimed to have bought our house 9 Deer St. Wyandanch NY 11798.   She took us to District Court claiming she bought our house for $79,000.   Case was dismissed for lack of evidence to the defendant her being plaintiff.   No (12/17) monetary exchanged. A year later our house was boarded up by the town.   2018 & Marie Claude hired dumpster from Winter Brothers & clean out our house.   Police involved.   Soon

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

after she sold our house & the next people totally gutted it.

Compl. ¶ II.  In the space on the form that calls for a description of any claimed injuries, plaintiff responded:

> No medical treatment was received but our very essence was stolen namely all identification for 8 Gause members & we were unable to live there homeless because it was gutted no floor, walls, boiler, toilet, wiring, etc.  Social Services couldn't help because my husband owns property that we are not privy to live in.

Comp. ¶ II.A.  For relief, plaintiff seeks "[m]onetary compensation of all our world's possessions, pain & suffering & lastly not at all least restoration of our identification.  I filed with the F.B.I." Compl. ¶ III.

## II.    DISCUSSION

### A.    *In Forma Pauperis* Applications[2]

Upon review of plaintiff's declarations in support of her applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this case without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

### B.    Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in forma*

---

[2] Plaintiff filed an incomplete application to proceed *in forma pauperis* with her complaint.  See Docket Entry No. 2.  Accordingly, by Notice of Deficiency dated September 17, 2020, plaintiff was instructed to complete and return the enclosed *in forma pauperis* application, which she did on September 24, 2020.  See Docket Entry No. 7.

*pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550

3

U.S. at 555).

C.     **Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable. Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, plaintiff's complaint falls well short of the mark. Plaintiff's sparse allegations make it impossible to determine the basis for her claims, the manner in which she was allegedly harmed, and whose conduct or inaction caused her harm. In addition, as discussed below, plaintiff has not included any allegations describing what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights. See Manchanda v. Navient Student Loans, No. 19-CV-5121, 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020) ("A complaint may not simply 'lump[ ] all the

4

defendants together in each claim and provid[e] no factual basis to distinguish their conduct.'")(quoting Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (additional citation omitted).

Therefore, plaintiff's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).  See, e.g., Hardy-Graham v. Lawston, No. 20-CV-00981, 2020 WL 2513448, at *3 (E.D.N.Y. May 15, 2020) ("Because the complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief", it is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8.").

**D.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).  Moreover, in an action brought pursuant to § 1983, a

5

plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

1. **Personal Involvement**

Plaintiff names Anderson and Kalba as defendants but does not include mention either individual in the body of the complaint nor are there any factual allegations against either of them.  Indeed, the only mention of either of these individuals is in the "List All Defendants" section.  (*See* Compl, ¶ I. B.)   There, plaintiff identifies Anderson as the "Housing Inspector" for the Town of Babylon and describes Kalba as a "lawyer currently suspended til 2021 heir property manager Malverne/Hempstead."   (*Id.*)   As noted above, in order to allege a plausible § 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although plaintiff names Anderson and Kalba defendants, there are no allegations of conduct or inaction attributable to either of them.  Accordingly, plaintiff's sparse allegations do not allege plausible claims as against Anderson and Kalba and thus are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

2. **State Action**

Plaintiff names Claude and Kalba and does not claim that either individual is a state actor.  Given the sparse allegations, as the Court can best discern, Claude is a private person who claimed

ownership of 9 Deer Street in Wynadanch and Kalba is a private attorney.  (Compl. ¶¶ I.B., II.)  It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).  A plaintiff, however, can establish that a private actor was acting under color of state law by proving either: "(1) the existence of joint activity between the private actor and the state or its agents, or (2) a conspiracy between the state or its agents and the private actor." Young v. Suffolk Cty., 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013).  "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted)).  Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)).  These two methods of demonstrating state action -- "joint action" and "conspiracy with" -- are "intertwined" and overlap in significant respects.  Harrison v. New York, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

    Here, plaintiff's Section 1983 claims against Claude and Kalba are implausible because neither individual is alleged to be a state actor.  Nor has plaintiff alleged any facts from which the Court could reasonably construe a plausible Section 1983 conspiracy or joint actor claim.  Thus, plaintiff's Section 1983 claims against Claude and Kalba are dismissed without prejudice pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

### III. LEAVE TO AMEND

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).

In an abundance of caution, plaintiff is granted leave to file an amended complaint in accordance with this order within thirty (30) days. Should plaintiff elect to file an amended complaint, it shall be clearly labeled "amended complaint" and shall bear the same docket number as this order, 20-CV-4148(JMA)(SIL). Plaintiff is advised to conform to Federal Rule of Civil Procedure 8's requirements by including a short and plain statement of her claim and describing the conduct or inaction of each individual from whom she seeks relief.

### IV. CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is granted leave to file an amended complaint in accordance with this order within thirty (30) days from the date at the end of this order. Plaintiff is cautioned that a failure to file an amended

8

complaint within thirty (30) days, absent a showing of good cause, will lead to the entry of judgment and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at her address of record.

**SO ORDERED.**

Dated: January 4, 2021
        Central Islip, New York

                                    /s/ (JMA)
                            JOAN M. AZRACK
                            UNITED STATES DISTRICT JUDGE