UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANITA GAUSE,

                            Plaintiff,

           -against-

MARIE CLAUDE, MARY ANN ANDERSON,
STEPHEN KALBA,

                         Defendants.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-4148(JMA)(SIL)

FILED
CLERK
1/6/2022 3:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the amended complaint filed by *pro se* plaintiff Anita Gause ("plaintiff") pursuant to this Court's January 4, 2021 Order. See Docket Entry Nos. 10, 13. For the reasons that follow, the amended complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rules 8(a), 10(a)-(b), and 11(a) of the Federal Rules of Civil Procedure and for failure to allege a plausible claim for relief. See FED. R. CIV. P. 8(a), 10(a)-(b), 11(a). Plaintiff is granted a final opportunity to file an amended complaint in accordance with the Federal Rules of Civil Procedure, the January 4, 2021 Order, and this Order within thirty (30) days. Failure to timely file a proper amended complaint, absent a showing of good cause, will lead to the entry of judgment without further notice and this case will be closed.

**I.    BACKGROUND**

By Order dated January 4, 2021 ("the January 4th Order"), the Court granted plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismissed her complaint against Marie Claude ("Claude"), Marianne Anderson ("Anderson"), and Stephen Kalba[1] ("Kalba" and

---

[1] Plaintiff spells Mr. Kalba's first name as "Steven" and "Stephen" in her submission. In addition, plaintiff spelled Anderson's first name "Marianne" in the complaint and "Mary Ann" in the amended complaint. Presumably, it is

collectively, "defendants") brought pursuant to 42 U.S.C. § 1983 ("Section 1983") without prejudice and with leave to file an amended complaint. *See* Docket Entry No. 10, *generally*. Finding that the complaint did not comport with the requirement of Federal Rule of Civil Procedure 8, the Court carefully detailed the minimal requirements to avoid *sua sponte* dismissal and concluded that plaintiff's failure to include "the basis for her claims, the manner in which she was allegedly harmed, and whose conduct or inaction caused her harm" warranted dismissal of her complaint. (*See* Order, at 4-5.) Further the Court explained that the absence of any factual allegations demonstrating the personal involvement of Anderson and Kalba, particularly given that neither defendant was mentioned in the body of the complaint, warranted dismissal of her claims against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).[2] Finally, insofar as plaintiff sought to impose Section 1983 liability on Claude and Kalba, who, as the Court could best discern, appeared to be private individuals rather than state actors, the Court determined that such claims were not plausible in the absence of any facts from which a joint actor or conspiracy claim could reasonably be construed. *See id*. at 6-7.

In light of plaintiff's *pro se* status, the Court afforded her an opportunity to file an amended complaint in accordance with the clear guidance set forth in the January 4th Order. *See id* at 8. The January 4th Order made clear that plaintiff is to conform her amended complaint to the requirements of Federal Rule of Civil Procedure 8 "by including a short and plain statement of her claim and describing the conduct or inaction of each individual from whom she seeks relief. *Id*.

---

the same individual.

[2] Although plaintiff was incarcerated at the time she filed her complaint, on January 29, 2021, plaintiff provided a new address: 55 Irving Avenue, Wyandanch, New York 11798. *See* Docket Entry 11.

2

at 8.

## II.     THE AMENDED COMPLAINT

Plaintiff's purported amended complaint is comprised of three letters addressed to the undersigned and does not include a caption or otherwise list the intended defendants. *See* Docket Entry 13. Plaintiff wrote "Gause v. Claude et al." at the top of each letter and indicates that her "cause" is 42 [U.S.C. §] 1983 Civil Rights Act". *See id* at 1, 5. The first letter, in its entirety, reads:[3]

> This is my Amendment. These are specific claims against Defendants separately et al. Mary Ann Anderson & T.O.B. et al. tried to condemn and confiscate both properties of Della Gause Estate 55 Irving Avenue [and] 9 Deer St. both of Wyandanch, N.Y. 11798  Intervention with Hauppauge Steve Levy Offices. Taxes up to date. Granted houses back. Mary Ann Anderson & T.O.B. cleaned up back yard at 55 Irving Ave for $1,700 and sent bill somewhere. It was paid in full except $10 by Della Gause. Approx 2016-18 2019 receipts taxes paid Della Gause.
>
> <u>9 Deer St.</u> T.O.B boarded up our home within one hour of Desi Gause leaving premises forcibly & said we must come to them to retrieve any and all possessions. Months later T.O.B. told me my house was sold. I reported to them all possessions missing. I was told to go back to 9 Deer St & call police. I received no help from T.O.B. I was told to contact the new owner of 9 Deer St. whom I was told Marie Claude by the Town of Babylon Sunrise Hwy Lindenhurst.
>
> Mary Ann Anderson & T.O.B. had our water shut off and we were not able to get it back on without T.O.B. approval through Mary Ann Anderson. Also when house was trying to come in compliance with Mary Ann Anderson and T.O.B we were only to use 5 people off her list. We are victims of a heinous crime and left absolutely penniless. 40 yrs of possessions were stolen. Anderson's list contained employees whose prices were in the $1,000's only 5 we had to choose one of the five.

*See id*. at 1-4. This letter ends here with no closing or signature. *Id*. at 4. The second letter, like the others, states that "[t]his is my amendment. These are specific claims against Defendants

---

[3] Excerpts from plaintiff's submission are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

separately, et al." The letter continues, in its entirety:

> Steven Kalba of Malverne, NY Hempstead NY et al. Steven Kalba mysteriously appeared on our paperwork @ Second District Court. Clerk said I had retained him and any further questions about 9 Deer St. were to be only directed at him. We are pro se from the start. We won judgement from Claude Dec. 2017 finalized 2019. Stephen Kalba appears to be retained prior to judgement October 2017. Minutes should reflect he was not present. We are pro se Gause family heirs.

*Id*. at 5-6. Like the first letter, the second letter ends with no closing or signature. Finally, the third letter, reads:

> This is my Amendment. These are specific claims against Defendants separately et al. Marie Claude et al. of Arlington Avenue Wyandanch N.Y. appeared out of nowhere and claimed to have bought our home 9 Deer St. Wyandanch NY 11798. Claude took us to Court & lost Dec. 2017 Hon. John P. Schettino J.O.C. to 113. Summer of 2018 Claude went against judgement to remove the entire contents of our home. Gause family called police. Gause contacted F.B.I. for entire family identification and dire paperwork stolen. Claude used Winter Bros. trash disposal to remove contents after being seen inside. Gause family being aware that property needed protection sprayed paint on boards that T.O.B. erected. Not for sale Heir property. Claude sold property for $145,000 alledgedly Claude is currently illegal owner using one of her aliases & has moved a family in my home. Family that is in my home has had me arrested 2 times in May 2021 for criminal trespassing Graffi charges.

*Id.* at 8-11. This letter closes with "Respectfully, Mrs. Anita L. Gause" and her signature. *Id*. at 11.

## III.    DISCUSSION

Plaintiff's purported amended complaint, like the original complaint, fails to allege a plausible claim for relief against any defendant and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff has wholly ignored the Court's guidance concerning the minimal pleading requirements. As a threshold matter, the purported amended complaint does not conform to the Federal Rules of Civil Procedure's pleading requirements. Federal Rule of Civil Procedure 8 sets forth the "General Rules of Pleading" and provides, in relevant part:

>  (a) Claim for Relief.   A pleading that states a claim for relief must contain:
>
>  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
>
>  (3) a demand for relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1)-(3).   In addition, Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:

>  (a) Caption; Names of Parties.   Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.   The title of the complaint must name all the parties; . . . .
>
>  (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(a)-(b).   Further, Federal Rule of Civil Procedure 11(a) requires that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.   The paper must state the signer's address, e-mail address, and telephone number. . . .   The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."   FED. R. CIV. P. 11(a).

Here, as is readily apparent, plaintiff's submission does not comport with any of these requirements.   Given plaintiff's failure to include a caption, it is not at all clear against whom plaintiff seeks relief.   *Gutek v. Doe*, No. 17-CV-0471, 2017 WL 3475057, at *1 (N.D.N.Y. Aug. 11, 2017) ("A party not named in the caption of the complaint is not a party to the action.")

(citing *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to such claims") (additional citation omitted)).  Nor can plaintiff's separate letters, without her signature as required by Rule 11 or numbered paragraphs as 10(b) mandates, suffice. *Hernandez–Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984) (affirming dismissal of complaint for violations of Rule 10(a) and 11 where such violations "were not mere technical flaws"); *see also Velez v. Cuomo*, No. 20-CV-1584, 2021 WL 784129, at *3 (N.D.N.Y. Feb. 9, 2021), *report and recommendation adopted*, No. 20-CV-1584, 2021 WL 781163 (N.D.N.Y. Mar. 1, 2021) (instructing that *pro se* amended complaint "must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit").

Further, although the January 4th Order carefully reviewed Rule 8's requirement and explained that "[p]laintiff's sparse allegations make it impossible to determine the basis for her claims, the manner in which she was allegedly harmed, and whose conduct or inaction caused her harm . . . [and] what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights", plaintiff's submission again misses the mark.  For example, with regard to plaintiff's claim against Kalba, she alleges only that he "mysteriously appeared on our paperwork @ Second District Court" and that "we are *pro se*." (*See* Docket Entry 13 at 5-6.)  As is readily apparent, plaintiff does not provide fair notice of her claim to Kalba if, indeed, he is even intended to be a party.

Moreover, even affording her *pro se* submission a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (*per curiam*) (*pro se* litigant's complaint is to be held "to less stringent

6

standards than formal pleadings drafted by lawyers"), it does not allege a plausible claim for relief. Although a complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests", *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the Court made clear in the January 4, 2021 Order:

> 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While 'detailed factual allegations' are not required, '[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

*See* Docket Entry 10 at 3. Plaintiff indicates that her claims are brought pursuant to § 1983, which requires that: (1) the conduct challenged must have been "committed by a person acting under color of state law" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation and quotation marks omitted); and (2) the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. As the Court explained in the January 4th Order, Claude and Kalba are not alleged to be state actors, and as the Court can best discern from her sparse allegations is that Claude is a private person who claimed ownership of 9 Deer Street in Wynadanch and Kalba is a private attorney. (*See* Docket Entry 10 at 6-7; *see also* Docket Entry 13 at 5-11.)

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). A plaintiff, however, can establish that a

7

private actor was acting under color of state law by proving either: "(1) the existence of joint activity between the private actor and the state or its agents, or (2) a conspiracy between the state or its agents and the private actor." *Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted)). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)). These two methods of demonstrating state action -- "joint action" and "conspiracy with" -- are "intertwined" and overlap in significant respects. *Harrison v. New York*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

Here, plaintiff's Section 1983 claims against Claude and Kalba are implausible because neither individual is alleged to be a state actor. Nor has plaintiff alleged any facts from which the Court could reasonably construe a plausible Section 1983 conspiracy or joint actor claim. Thus, plaintiff's Section 1983 claims against Claude and Kalba are again dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and her amended complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g., Hardy-Graham v. Lawston*, No. 20-CV-00981, 2020 WL 2513448, at *3 (E.D.N.Y. May 15, 2020) ("Because the complaint does not include "a short and plain statement of the claim showing that

8

the pleader is entitled to relief", it is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8.").[4]

## IV. LEAVE TO AMEND

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." *Boddie v. New York State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting *Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).

In an abundance of caution, plaintiff is granted a final opportunity to file a proper amended complaint in accordance with this Order and the January 4, 2021 Order within thirty (30) days from the date at the end of this Order. Should plaintiff elect to file an amended complaint, it shall be a single document clearly labeled "amended complaint", shall bear the same docket number as this order, 20-CV-4148(JMA)(SIL), and shall include: (1) a caption naming each of the defendants; (2) numbered paragraphs setting forth the factual basis for her claims; (3) a demand for relief; and (4) plaintiff's signature in accordance with Federal Rule of Civil Procedure 11(a)'s requirements.

---

[4] Although it is far from clear whether plaintiff intends to name the Town of Babylon as a defendant, should she elect to do so in an amended complaint, she must include factual support giving rise to her claims against it. Indeed, "[u]nder *Monell*, local governments and their officials may be sued directly under Section 1983 for monetary, injunctive, or declaratory relief. *Monell* extends liability to a municipal organization where its 'failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.'" *Herrera v. Shea*, No. 20-CV-3665, 2021 WL 1550488, at *4 (E.D.N.Y. Apr. 20, 2021) (quoting *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 658, 694 (1978)).

Plaintiff is cautioned that if she does not timely comply, or if her submission does not meet these requirements, judgment will enter and this case will be marked closed.

## V.     CONCLUSION

For the forgoing reasons, the plaintiff's purported amended complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to comply with Rules 8(a), 10(a)-(b), and 11(a) of the Federal Rules of Civil Procedure.  Plaintiff is granted a final opportunity to file a proper amended complaint in accordance with the minimal pleading requirements set forth in the Federal Rules of Civil Procedure, the January 4th Order, and this Order within thirty (30) days from the date at the bottom of this page.  Plaintiff is cautioned that a failure to file an amended complaint within the time allowed, absent a showing of good cause, or a failure to comply with the minimal pleading requirements reviewed herein, will lead to the entry of judgment and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at her address of record.

**SO ORDERED.**

Dated: January 6, 2022
       Central Islip, New York

                                                    /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE